HEYMAN v. UHLMAN.

(*Circuit Court, S. D. New York.* April 16, 1888.)

EQUITY—PRACTICE—APPEARANCE—FILING PLEADINGS.
When a defendant served with subpœna entered his appearance, and filed his answer before the rule-day at which the writ was returnable, *held*, that under United States equity rules such practice was proper, and that replication should be filed on or before the rule-day succeeding that on which the writ was returnable.

In Equity. Motion to set aside an order dismissing a bill of complaint.

*Witter & Kenyon*, for complainant.
*Witmore & Jenner*, for defendant.

LACOMBE, J. The bill of complaint was filed, and subpœna served, January 14, 1888. The next succeeding rule-day was February 6th, and the rule-day thereafter, March 5th. Defendant entered his appearance February 2d, and filed his answer February 3d. No replication was filed on the March rule-day, and order was entered dismissing the bill. Complainant moves to set aside the order.

The question raised upon the motion is as to the interpretation of the rules in equity. Their language seems too plain to call for any elaborate discussion in view of the fact that they were presumably framed to promote the speedy administration of justice, and were not designed to delay suitors, except so far as might be necessary to insure a proper and orderly presentation of both sides of each case. A defendant served with subpœna must enter his appearance on or before the day at which the writ is returnable. His plea, demurrer, or answer must be filed on the rule-day next succeeding the day of entering his appearance, whether such rule-day is one day or thirty days after the entering of the appearance. The complainant has until the next succeeding rule-day after filing the answer in which to file general replication. There is no warrant in reason or authority for the proposition advanced by the complainant that an appearance can only be filed on a rule-day, and that therefore in

the case at bar defendant could not file his appearance before the February rule-day, nor his answer before March 5th. The default should be opened, and complainant allowed to file replication *nunc pro tunc*, upon proper stipulations as to expediting the trial, the details of which may be arranged upon settlement of the order.